NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DSTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK WISOWATY, | Civil Action No.: 11-2722 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| PORT AUTHORITY TRANS-HUDSON CORPORATION, | |
| Defendant. | |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion for partial summary judgment filed by Plaintiff on October 11, 2012. The Court has considered the submissions of both parties in support of and in opposition to the present motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons that follow, Plaintiff's motion is denied.

**I. BACKGROUND**

The following facts are undisputed.[1] This matter arises out of a personal injury Plaintiff suffered during the course of his employment with Defendant, Port Authority Trans-Hudson

---

[1] Local Civil Rule 56.1 states that an opponent of a summary judgment motion "shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the

Corporation ("PATH" or "Defendant"). Plaintiff was injured on March 5, 2010, while moving trains to Defendant's Harrison Yard facility for storage. Pl.'s Undisputed Stmt. Of Material Facts ("SOF") ¶ 13. At approximately 9:45 a.m., after securing a train, Plaintiff began walking through Harrison Yard on his way to the employee pick-up location. *Id.* at ¶¶ 2-3. Plaintiff stepped on the cement lid covering a cable trough that ran through the yard. *See id.* at ¶ 3. The lid collapsed beneath his feet, and Plaintiff fell approximately two feet into the trough. *Id.* at ¶ 3. It is not disputed that Plaintiff was "looking at the ground ahead of him" immediately before the fall," wearing all required personal protective equipment, and "performing his regular work duties, i.e., walking from the track area of Harrison Yard to the employee pick-up platform," after storing a train. *Id.* at ¶¶ 4, 13-14.

After Plaintiff injured himself, two of Defendant's operations examiners reported to the scene. SOF at ¶ 6; Def. Counter-Statement of Facts ("CSOF") at ¶ 11. The first, John Vendittoli, took two sets of photographs and examined the cable trough. SOF at ¶¶ 6-7. Vendittoli noted that the "lip or support of the trough" that holds the cover up was missing. *Id.* at ¶ 7. He looked inside the cable trough the day of the incident but was unable to locate the missing piece. *Id.* at ¶ 8. Vendittoli testified that there "should have been a support for the part of the cover that collapsed and there was no such support present when he conducted his inspection." *Id.* at ¶ 5. The second operations examiner, Shawn Greene, also observed the cable trough cover and noted that the cable trough lip was broken, but Greene was unable to determine whether the damage occurred before or after the incident. CSOF at ¶ 9.

---

summary judgment motion." L.Civ.R.56.1. Defendant did not provide a responsive statement of materials facts, thereby failing to comply with the requirements of Local Civil Rule 56.1. *See id.* Accordingly, Plaintiff's statement of facts is treated as undisputed for purposes of this motion.

2

A third operations examiner, Mario Sciencalepore, escorted Plaintiff to the Path Office of Medical Services, asked Plaintiff about the accident, and recorded his answers in an Injury Report. *Id.* at ¶¶ 14-15. Sciencalepore wrote in the report that Plaintiff had not committed any "unsafe act[s]" and had complied with PATH's safety rules and safe work practices. SOF. at ¶ 11. Moreover, Sciencalepore determined that an "unsafe condition was involved, namely the cable cover giving way." *Id.* at ¶ 12. Sciencalepore was not present though when the accident occurred and acknowledged that he had no independent knowledge about "how the accident had happened." CSOF at ¶ 17. Plaintiff did not receive safety counseling following his injury. *SOF* at ¶ 15.

On May 11, 2011, Plaintiff filed suit in this Court alleging that the Defendant was liable for Plaintiff's injuries pursuant to the Federal Employers Liability Act ("FELA"). Plaintiff moved for partial summary judgment on October 11, 2012, and Defendant filed its opposition on October 22, 2012.

## II. LEGAL STANDARD

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 744 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. *Id.* at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts."

3

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. *See Celotex*, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. *See Ridgewood Bd. of Educ. v. N.E. ex. Rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. *See Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).

### III. DISCUSSION

The Federal Employers Liability Act provides in relevant part that:

> [e]very common carrier by railroad while engaging in commerce between any of the several states . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier[.]

45 U.S.C. § 51 (2012). To recover under FELA, a plaintiff must prove that his employer's "negligence played any part even the slightest, in producing the injury or death for which damages are sought." *See Hines v. Consol. Rail Corp.*, 926 F.2d 262, 267 (3d Cr. 1991) (quoting *Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957)). FELA is construed liberally, but it is not a workers' compensation statute. *Consol. Rail Corp. v. James E. Gotshall Consol. Rail Corp.*, 512 U.S. 532, 543 (1994). The "basis of his liability is [the employer's] negligence, not the fact that injuries occur." *Id.*

An employee's contributory negligence does not bar to recovery under FELA. *See* 45 U.S.C. § 53 (2012) (stating that the "fact that the employee may have been guilty of contributory negligence shall not bar a recovery"). If a defendant successfully proves contributory negligence, plaintiff's damages are reduced "in proportion to the amount of negligence

4

attributable to such employee." *Id.* In ascertaining employee contributory negligence, the Court is bound by the standard used for employer negligence—whether the employee is responsible for his own injuries "in whole or in part." *See Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 171-72 (2007) (stating that a "single standard" applies to "railroad negligence and employee contributory negligence").

Here, Plaintiff moves for partial summary judgment alleging that, (A) "[w]hen viewing the undisputed facts of this matter, reasonable minds can come to but one conclusion, Defendant, PATH, was negligent," and (B) Defendant "was the sole proximate cause of the March 5, 2010 incident." Pl. Br. at 9-10.

### A.     Defendant's Negligence

Plaintiff argues that Defendant was negligent in "breach[ing] its non-delegable duty to provide a safe workplace when it allowed an unsupported cable trough cover, which it had control of, to exist on property that it owned." Pl. Br. at 9. However, evidence that a dangerous condition "existed" on the property, without more, is insufficient to establish liability under FELA. *See Jensen v. Hilton Newark Airport*, No. 09-1290, 2011 U.S. Dist. LEXIS 49725, at *13 (D.N.J. May 10, 2011). FELA does not make the "employer an insurer." To be charged with negligence, a defendant "must have actual or constructive knowledge of the defective condition." *Inman v. Baltimore R.R. Co.*, 361 U.S. 138, 140 (1959). The "mere [e]xistence of an alleged dangerous condition is not constructive notice of it." *Jensen*, 2011 U.S. Dist. LEXIS 49725, at * 13 (internal quotations omitted).

Here, the undisputed facts establish that Plaintiff was injured when the lid to a cable trough collapsed beneath his feet. SOF at ¶ 3. After the accident, two operations examiners inspected the trough and determined that a piece of the support for the lid was broken. SOF at ¶

5

7; CSOF at ¶ 9. To prevail on Plaintiff's motion, Plaintiff would need to demonstrate that Defendant had actual or constructive knowledge of this unsafe condition prior to Plaintiff's accident. *See De Pascale v. Penn. R. Co.*, 180 F.2d 825, 827 (3d Cir. 1950) (stating that plaintiff must prove "knowledge, real or constructive, of the railroad that the place was not reasonably safe" to prevail under FELA). In the materials Plaintiff submitted, Plaintiff relies on two pieces of evidence to meet this burden: 1) prior incidents of employees falling into cable troughs and injuring themselves, and 2) evidence indicating that the lid support may have been broken prior to the accident. Cert. of Charles A. Cerrussi, Esq. ("Cerrussi Cert."), Exhibit B, at 39:10-19 (Plaintiff testifying that he "heard that" someone else "fell through one of these covers"); SOF at ¶ 9.

The first piece of evidence is insufficient to establish actual or constructive knowledge. Here, although Plaintiff testified that he heard of similar accidents involving the cable trough, three operations examiners—Vendittoli, Sciencalepore, and Greene—testified to the contrary. *See* CSOF at ¶¶ 20-22. In light of this genuine issue of material fact, and the Court's duty to resolve factual disputes in favor of the non-moving party, it would be improper for the Court to conclude that Defendant had knowledge on the basis of these alleged accidents. *See* Fed. R. Civ. P. 56(c); *see also Bailey v. Cent. Vermont R.R.*, 319 U.S. 350, 353 (1943) (stating that "the fact that fair-minded men might reach different conclusions, emphasize the appropriateness of leaving the question to the jury.").

The second piece of evidence also fails to establish actual or constructive knowledge. Plaintiff relies on the uncontested testimony of Vendittoli that Vendittoli inspected the cable trough after Plaintiff's accident, discovered that a support for the cable trough lid had broken off, and failed to locate the missing support piece. SOF at ¶¶ 7-8. Vendittoli's testimony is subject

6

to two potential interpretations: 1) supporting a finding that the trough support was broken prior to the accident, or 2) only demonstrating that Vendittoli was unsuccessful at locating the broken piece. Reasonable minds could differ, but the Court is bound by the second interpretation as it must view all facts and reasonable inferences in the light most favorable to the non-moving party. *See Pennsylvania Coal Ass'n*, 63 F.3d at 236. Moreover, the second interpretation is supported by the testimony of operations examiner Greene who inspected the cable trough and testified that he was unable to determine when the damage had occurred. *See* CSOF at ¶ 9.

Even if the Court adopted the first interpretation of Vendittoli's testimony, and assumed the damage occurred at some point prior to Plaintiff's accident, this still does not prove that Defendant had actual or constructive knowledge of the defective condition. Plaintiff would still need to provide evidence demonstrating "how long the dangerous condition existed." *See Jensen*, 2011 U.S. Dist. LEXIS 49725, at * 13. The "primary inquiry is whether the defect existed 'for a sufficient length of time.'" *See id.* Vendittoli's testimony still would not "establish whether [the damage] had been there for a few second, a few minutes, a few hours or even a few days before the accident." *See id.* Accordingly, summary judgment in Plaintiff's favor on the issue of Defendant's negligence is improper.

## B.   Contributory Negligence

Plaintiff next argues that his "actions did not contribute to the happening of the accident and that PATH was the sole proximate cause of the accident." Pl. Br. at 10. As an initial matter, contributory negligence is a defense to negligence and need only be discussed after negligence is established. *See Faushner v. New Jersey Transit Rail Operations*, 57 F.3d 1269, 1275 (3d Cir. 1995). However, even if the Court had found in Plaintiff's favor on the issue of negligence,

Plaintiff would still not be entitled to summary judgment in his favor on the issue of contributory negligence.

Here, Plaintiff alleges that "his actions in stepping upon the cable trough cover were reasonable, since he had done so on numerous occasions and was never trained that he was not to walk on the covers." Pl. Br. at 10. In addition, during his deposition Plaintiff repeatedly referred to the cable trough covers as walkways. *See, e.g.*, Cerrussi Cert., Exhibit B, at 36:18-39:7. This testimony is in direct contrast to that of Vendittoli. *See* CSOF at ¶ 12 (testifying that the "cable trough where Wisowaty fell is not a walkway."). Defendant mentions this conflicting testimony in its opposition creating a genuine dispute as to material fact and satisfying Defendant's obligation under *Celotex*. *See Celotex Corp.*, 744 U.S. at 324. "[F]air-minded men might reach different conclusions" as to the reasonableness of Plaintiff's actions in walking across the trough covers. Accordingly, this question is best left to a jury, and Plaintiff's motion is denied. *See Bailey*, 319 U.S. at 353.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment is denied. An appropriate Order accompanies this Opinion.

DATED: November 9, 2011

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE