**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

FRANK WISOWATY,                              )
                                   )     Civil Action No.: 11-2722 (JLL)
           Plaintiff,                      )
                                   )         **OPINION**
v.                                           )
                                   )
PORT AUTHORITY TRANS-HUDSON                  )
CORPORATION,                                 )
                                   )
          Defendant.                      )
)

---

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff's Motion for Reconsideration of the Court's November 9, 2012 Opinion and Order ("Motion for Reconsideration"). The Court has considered the submissions of both parties in support of and in opposition to the present motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons that follow, Plaintiff's Motion for Reconsideration is denied.

## I.    BACKGROUND

Plaintiff was injured during the course of his employment with Defendant, Port Authority Trans-Hudson Corporation. *Wisowaty v. Port Authority Trans-Hudson Corp.*, No. 11-2722, 2012 U.S. Dist. LEXIS 162811, at *1 (D.N.J. Nov. 9, 2012). A complete recitation of the facts concerning this incident is set forth in detail in the Court's November 9, 2012 Opinion and will

only be repeated herein where necessary to provide proper context for the pending motion. *See id.* at *1-4.

Plaintiff brought the present action on May 11, 2011 alleging that Defendant was liable for Plaintiff's injuries pursuant to the Federal Employers' Liability Act ("FELA"). *Id.* at *4. Plaintiff moved for partial summary judgment on October 11, 2012 arguing that, (A) "[w]hen viewing the undisputed facts of this matter, reasonable minds can come to but one conclusion, Defendant, PATH, was negligent," and (B) Defendant "was the sole proximate cause of the March 5, 2010 incident." *See id.* at *4, 7 (citing Br. in Support of Pl.'s Motion for Summary Judgment at 9-10). The Court carefully considered the submissions of both parties in support of and in opposition to Plaintiff's Motion, and denied the Motion in its entirety on November 9, 2012. *Id.* at * 12-13. In doing so, the Court held, in relevant part, that Plaintiff failed to demonstrate that "Defendant had actual or constructive knowledge of this unsafe condition prior to Plaintiff's accident." *Id.* at *8-11.

On November 21, 2012, Plaintiff filed the present Motion for Reconsideration, arguing that, "pursuant to M*augeri v. Great Atlantic & Pacific Tea Co.,* 357 F.2d 202 (3d Cir. 1966) and the corresponding New Jersey State precedent, the Court improperly found that to prove Defendant, PATH, was negligent, Plaintiff was required to show actual or constructive notice of the dangerous condition." Pl. Br. at 5. Plaintiff requests that the Court reconsider its prior opinion and adjudge Defendant "one-hundred percent (100%) negligent with regard to the happening of the March 5, 2010 incident." Pl. Br. at 9. For the reasons set forth below, Plaintiff's motion is denied.

## II.   LEGAL STANDARD

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). *Id.* In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Dunn v. Reed Group*, No. 08-1632, 2010 U.S. Dist. Lexis 2438, at *3-4 (D.N.J. Jan 13, 2010).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(i); *see NL Industries, Inc. v. Commercial Union Ins.*, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard of review involved in a motion for reargument is quite high, and therefore relief under this rule is to be granted very sparingly. *See United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). A judgment may be altered or amended if the movant shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345; *see also* L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l. Collegiate Athletics Ass'n.*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted); *see also Compaction Sys. Corp.*, 88 F. Supp. 2d at 345.

3

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. *See SPIRG v. Monsanto Co.*, 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. *Bowers*, 130 F. Supp. 2d. at 613. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original hearing. *See Levinson v. Regal Ware, Inc.*, No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. *Resorts Int'l. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992).

Moreover, L. Civ. R. 7.1(i) does not allow parties to recapitulate cases and arguments which the court has already considered before rendering its original decision. *See G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. *Bowers*, 130 F. Supp. 2d at 612 (citations omitted); *NL Industries, Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. at 516 ("Reconsideration motions . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

## III. DISCUSSION

In Plaintiff's Motion for Reconsideration, Plaintiff alleges that the Court "overlooked Plaintiff's Reply letter in its entirety, specifically, the recognized exception to the notice requirement" set forth in *Maugeri*. Pl. Br. at 6. The *Maugeri* court applied New Jersey law and recognized an exception to the premise liability notice requirement where the "conduct of the

defendant, in and of itself, create[d] a foreseeable risk of harm." *See Maugeri v. Great Atl. & Pac. Tea Co.*, 357 F.2d 202, 203 (3d Cir. 1966). *Maugeri* did not recognize an exception for FELA but instead analyzed a state law claim brought under diversity jurisdiction. *Id.* 202-03 (applying the "law of New Jersey" to plaintiff's negligence claim). Similarly, the remaining cases relied on by Plaintiff each involved *state law* claims analyzed under *New Jersey law. See Wollerman v. Grand Union Stores, Inc.*, 47 N.J. 426, 429 (1966) (holding that notice was not required in state negligence action); *see also Smith v. First Nat'l Stores, Inc.*, 94 N.J. Super. 462, 466 (App. Div. 1967); *Wollerman v. Grand Union Stores, Inc.*, 47 N.J. 426, 429 (1966); *Plaga v. Foltis*, 88 N.J. Super. 209, 211-12 (App. Div. 1965); *Torda v. Grand Union Co.*, 59 N.J. Super. 41, 44-45 (App. Div. 1959).

FELA is not governed by New Jersey state law. The "rights created by and the obligations imposed by [FELA] are determined by reference to federal rather than local rules of law." *See Foote v. Erie L. R. Co.*, 142 N.J. Super. 195, 201 (App. Div. 1976); *see also Bailey v. Central V. Ry.*, 319 U.S. 350, 352 (1943) (stating that the "rights which the Act creates are federal rights protected by federal rather than local rules of law."). The Third Circuit's interpretation of FELA is clear—"before [an] employer can be charged with negligently failing to provide a safe work place [in violation of FELA], he must have actual or constructive knowledge of the defective condition." *See Sano v. Pa. R. Co.*, 282 F.2d 936, 938 (3d Cir. 1960); *see also De Pascale v. Pa. R. Co.*, 180 F.2d 825, 827 (3d Cir. 1950) (stating that "proximate cause and knowledge" are vital elements of a FELA claim). Most other circuits are in agreement and "equate foreseeability with notice, either actual or constructive." *See Williams v. AMTRAK*, 161 F.3d 1059, 1062-63 (7th Cir. 1998) (citing *Moody v. Boston & Maine Corp.*, 921 F.2d 1, 3 (1st Cir. 1990); *Sinclair v. Long Island R.R.*, 985 F.2d 74, 77 (2d Cir 1993); *Brown*

5

*v. CSX Transp. Inc.*, 18 F.3d 245, 250 (4th Cir. 1994); *Nivens v. St. Louis Southwestern Ry. Co.*, 425 F.2d 114, 118 (5th Cir. 1970); and *Peyton v. St. Louis Southwestern Ry. Co.*, 962 F.2d 832, 833 (8th Cir. 1992)).

Accordingly, the Court's statement that, "[t]o prevail on Plaintiff's motion, Plaintiff would need to demonstrate that Defendant had actual or constructive knowledge" accurately reflects the law governing FELA actions. *Wisowaty*, 2012 U.S. Dist. LEXIS 162811, at *8. The Court did not commit a "clear error of law," and Plaintiff's Motion for Reconsideration is denied. *See Max's Seafood Café*, 176 F.3d at 677 (citations omitted).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is denied. An appropriate Order accompanies this Opinion.

DATED: January 8, 2013

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE